# 95 DTA 84

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE PONCE Y AIBONITO
PANEL II**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

PABLO BORRERO TOLLINCHI
Peticionario

Núm. KLCE-95-00293

San Juan, Puerto Rico, a 12 de mayo de 1995.

Panel integrado por su presidente, Juez Sánchez Martínez
y los Jueces Córdova Arone y Segarra Olivero

Segarra Olivero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Este es un recurso frívolo que no merece otra suerte que la desestimación.

El peticionario, acusado de la comisión de actos lascivos e impúdicos con una menor de tres (3) años, solicita la revisión de una resolución del Tribunal de Primera Instancia en la que se deniega su petición de que se someta a la niña alegadamente perjudicada a una evaluación psicológica. El recurso vino acompañado de una Moción en Auxilio de Jurisdicción, la que declaramos no ha lugar el día 9 de mayo de 1995. Como adelantáramos en nuestra resolución del 9 de mayo, denegamos la expedición del auto solicitado y decretamos la desestimación de la Petición de *CERTIORARI*.

### I

Fundamenta su argumentación la parte recurrente en lo resuelto en *Pueblo v. Arocho,* ___ D.P.R. ___ (1994), **94 J.T.S. 159.** En este caso, ante una petición similar a la de autos, pues

se trataba de una niña de cinco (5) años, expresó el Tribunal Supremo:

*"El aludido derecho del acusado al descubrimiento de prueba está particularmente limitado cuando incide sobre el derecho a la intimidad de la víctima o testigo. El derecho a la intimidad y a la integridad personal precluyen el uso de exámenes o pruebas científicas, como lo que aquí interesa el acusado, excepto cuando éste demuestre una clara necesidad para ello. Poniendo en una balanza los intereses en conflicto, la necesidad de dicho examen tiene que ser mayor que el perjuicio que se cause a la intimidad e integridad de la perona a ser evaluada en contra de su voluntad. La tendencia en la mayor parte de las jurisdicciones estatales, igual que en la Federal, es a exigirle al acusado que demuestre una razón o necesidad clara de la evaluación pericial antes de que se ordene la misma."* (Subrayado nuestro)

El peticionario alega que una evaluación psicológica de la menor es necesaria en este caso para poder realizar un contrainterrogatorio eficaz. Intenta articular su contención de la siguiente forma:

*"La supuesta víctima en este caso cuenta con escasamente tres años de edad. El propio Ministerio Público comprende esta situación y la ha utilizado para su beneficio alegando no poder especificar hora o momento exacto en que ocurrieron los hechos debido a la tierna edad de la niña...Esta situación hace imposible que la defensa pueda hacer uso de su derecho a contrainterrogar a la niña, máxime con lo vital que es obtener respuestas inmediatas y completas de ésta, las cuales podrían llevar al juzgador de hechos a concluir si la niña en realidad fue víctima de un acto lascivo o si lo que narra es producto de sus fantasías, prejuicios, proyecciones, o en el peor de los casos, inculcado por la mente maquiavélica de otras personas."*

El razonamiento de la defensa no nos persuade. Es poco probable que una niña de tres años pueda precisar la hora exacta en que ocurrió determinado incidente de alegados actos lascivos e impúdicos en la que ella es la víctima. ¿Cómo se supone que reaccione una vez concluida la faena delictiva? ¿Sería normal que se apresure, antes que nada, a averiguar la hora que marca el primer reloj disponible? El Ministerio Público, a solicitud del acusado, aclaró que el incidente ocurrió *"el día 28 de octubre de 1994, en horas de la mañana y antes de la 12:30 P.M. dentro de las facilidades del llamado Colegio Prescolandia, propiedad del acusado".* En el recurso no se plantea que el recurrente haya anunciado que habrá de invocar la defensa de coartada y que por ello sea indispensable conocer la hora exacta en que alegadamente se cometió el delito. Tampoco se hace un esfuerzo para explicar en el recurso de qué manera la ausencia de ese dato imposibilita o menoscaba el contrainterrogatorio de la alegada víctima, y mucho menos, qué efecto sobre ese particular puede tener una evaluación psicológica.

El peticionario no ha demostrado claramente la necesidad de realizar un examen psicológico a la alegada víctima, incumpliendo así el requisito establecido en *Pueblo v. Arocho, supra.* Partiendo del contenido de la petición de *certiorari*, no se justifica exponer a una niña de tan corta edad a una situación que atenta contra su derecho a la intimidad y a la integridad personal. No ha demostrado el acusado que el perjuicio que se pueda causar a la menor es menor que la necesidad de la defensa de esa evaluación para preparar adecuadamente su caso.

El derecho del acusado a contrainterrogar continúa incólume. Las *"respuestas inmediatas y completas"* es asunto del dominio del juzgador de los hechos que las evaluará a los fines de determinar su suficiencia para probar todos y cada uno de los elementos del delito imputado. Es preciso señalar que ni aún el más acusioso y minucioso interrogatorio puede garantizar *"respuestas inmediatas y completas"* y, ciertamente, en el caso que nos ocupa no

dependen de la realización de un examen psicológico como el solicitado.

Ante la ostensible falta de justificación para ordenar la evaluación solicitada, concluimos que actuó correctamente el Tribunal de Primera Instancia al denegar la petición del acusado.

Por los fundamentos expresados, se desestima el recurso y se confirma la resolución recurrida.

Así lo resolvió y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 84

1. Podríamos incluso tomar conocimiento judicial de que la mayoría de los infantes de tres años tienen un concepto vago del tiempo y que son, por lo general incapaces de precisar la hora en que ocurrió determinado evento. Aún cuando estuviéramos ante el particular caso de una niña de tres años que dominara la destreza de leer un reloj, ¿cuántos niños de esa edad suelen llevar consigo uno? Más allá todavía, ¿sería razonable que un niño que pasara por una experiencia como de la que trata el caso de autos procurara verificar a qué hora exacta sucedió? La evaluación psicológica, por completa e incisiva que resulte, no puede de ninguna manera proveer la informacion que según se alega precisa el acusado.

2. Durante el juicio la defensa podrá explorar durante el contrainterrogatorio de la alegada víctima, los factores que inciden sobre la calidad de la prueba testifical, a saber, entre otros, la habilidad del testigo para percibir el acontecimiento, la aptitud para conservarlo en su memoria, capacidad para evocarlo, modo de querer expresarlo, y cómo puede hacerlo. *Pueblo v. Rivera Tirado,* 117 D.P.R. 419, 440 (1986); *Pueblo v.Morales Rivera,* 112 D.P.R. 463, 464 (1982). Véase la Regla 44(b)(3) de las de Evidencia, 32 L.P.R.A. Ap.IV.